No. 416

PRICE v. AKRON (City)

Ohio Appeals, 9th Dist., Summit Co.

No. 1184. Decided Dec. 17, 1926

797. MUNICIPAL CORPORATIONS — Where a municipal corporation diverts the water of a creek into a conduit built by it in a street, and such conduit, although built pursuant to a plan adopted by the municipality, is, under prevailing conditions, insufficient in size, and the water from said creek, which did not theretofore flow onto adjoining property, rises from the manholes of said conduit during usual and ordinary heavy rains and flows from the street onto such adjoining property and inundates and injures same, and the city after notice of the insufficiency of said conduit and consequent recurring of injury, maintains said conduit, such city is liable to the owner of such adjoining property.

First Publication of this Opinion

WASHBURN, J.

Braxton Price sued the City of Akron to recover damages for injury to his premises, caused by the flooding of same, he claiming said flooding, at intervals over a period of four years, was caused by the negligent construction and maintenance by said city of a storm water sewer or conduit in the street upon which his premises abutted.

The trial court determined as a matter of law that the city was not liable for damages resulting from its alleged negligence in the construction of the sewer, and submitted to the jury the question of whether or not the city was negligent in the maintenance of the sewer "in not cleaning it and keeping it clean," saying to the jury "So it results in this, that if Mr. Price's place was damaged by flood, and if that flooding was directly caused by the stoppage of the sewer, and if the city knew that the sewer was stopped up, on in the exercise of ordinary care should have known, and did not cause it to be cleaned out, then the city is liable."

The jury found in favor of the city. Error proceedings are brought to reverse the judgment for the reason that the trial court was not justified in determining, as a matter of law, that the city was not liable for its negligence in the plan and construction of the sewer, and that it was error to limit the city's liability to the stoppage of the sewer alone.

The Court of Appeals held:

1. The facts disclose that Price owned a home and lot on the street that there was a sluggish stream flowing across the street and then back again, the distance between the crossings being about 900 feet; that the city desiring to improve the street changed the course of the stream and erected a sewer, that much silt and dirt are washed into the sewer and that same had to be cleaned after every large rain, that prior to the improvement Price's land was never inundated.

2. The action of the trial judge from relieving the city from liability was upon the basis that same was a governmental function.

3. When a municipality exercises a delegated sovereign power, it is exempt from responsibility, but when it exercises a power given it for its benefit, it acts as a corporate legal entity and in a private capacity and is liable as an individual. Dayton v. Pease, 4 OS. 80.

4. If a plan was adopted, the city could not claim immunity on the ground of an "error in judgment" for an act which diverted the water from said creek and cast it upon Price's premises, when but for such act of the city such water would have flowed past his premises in said creek.

5. That would constitute a trespass, and it seems to us that a city should not be relieved from liability for a trespass simply because it adopted a plan for such trespass.

Judgment reversed.

(Pardee, PJ., Funk, J., concur.)

Attorneys—Jonathan Taylor and Robert C. Ryder for Price; H. M. Hagelbarger, Law Director; C. T. Moore and W. A. Kelley, Assistants Dir. of Law, for Akron; all of Akron.